UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Robert C. Steed, | ) | C/A No.: 4:07-cv-00830-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Major Morton, Captain Marsh, Head | ) | |
| Nurse Hope, Officer Teeter, and | ) | |
| Corporal Clearey, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C., and filed on July 26, 2007. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on March 29, 2007. Defendant NFN Hope Barr filed a motion to dismiss on April 23, 2007; Defendant Carol Rogers, though not identified in the caption, filed a motion to dismiss on April 25, 2007; and Defendants Morton, Marsh, Teeter, and Clearey filed a joint motion to dismiss on June 1, 2007. Subsequent to each motion to dismiss, Plaintiff was advised, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion to dismiss could result in the dismissal of his complaint. Though he received no fewer than three *Roseboro Orders*, Plaintiff failed to respond to each and every motion to dismiss. The magistrate recommends that this Court dismiss the plaintiff's suit for failure to prosecute.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which *specific objection* is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff did not file any objections.

Therefore, after a thorough review of the Report and Recommendation, this Court finds that Magistrate Judge Rogers applied sound legal principles to the facts of this case. Therefore, the Report and Recommendation is adopted in its entirety.

IT IS THEREFORE SO ORDERED THAT the plaintiff's complaint be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 6, 2007
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.